Gabriela Tello RIVERA–CASTANEDA, Petitioner,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–71239.

INS No. A70–183–310.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2001.*

Decided March 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

█ Petitioner argues that she should be granted asylum because she suffered past persecution and has a well-founded fear of persecution on account of her membership in a particular social group. To determine eligibility for asylum based on membership in a particular social group, there are three relevant inquiries: (1) whether the class of people identified is cognizable as a particular social group; (2) whether the petitioner has established membership in that particular social group; (3) whether the particular social group has in fact been targeted for persecution on account of the characteristics of group members; and (4) whether such "special circumstances" are present to warrant us in regarding mere membership in that "social group" as constituting per se eligibility for asylum or prohibition of deportation.[1]

█ Assuming arguendo that Rivera–Castañeda is a member of a social group, she has failed to establish facts demonstrating that members of the group are persecuted or have a well-founded fear of persecution. The petitioner testified about one instance of a classmate being raped and murdered, which she learned about second-hand from her husband. The petitioner admitted that she never personally saw any guerrillas. She remained in Guatemala for a year after her husband's death and never in her lifetime was she harmed or directly threatened by any

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Sanchez–Trujillo v. INS*, 801 F.2d 1571, 1574–75 (9th Cir.1986).

guerrilla. General conditions of violence and strife do not qualify an alien for asylum.[2]

The petition for review is DENIED.

---

2. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414–415 (9th Cir.1991).